### UNITED STATES v. MURPHY.
### No. 53 Cr. 199.

United States District Court
N. D. Illinois, E. D.
March 30, 1954.

Otto Kerner, Jr., U. S. Atty., for U. S.

Thomas J. Carroll, Chicago, Ill., for defendant.

LA BUY, District Judge.

The defendant is charged in a 19 count indictment with violations of Section 402 of the Packers and Stockyards Act of 1921, 7 U.S.C.A. § 222, and Section 10 of the Federal Trade Commission Act, 15 U.S.C.A. § 50. Specifically, the defendant is charged with wilfully and knowingly causing certain weighmasters employed by the Union Stockyards and Transit Company of Chicago, Illinois, to make false entries in the accounts, records and memoranda of said company by showing false weights on scale tickets issued at the stockyards.

Counts 1 and 2 of the indictment were dismissed on the motion of the Government, and proof was offered on Counts 3 through 19.

The Government offered the testimony of two former weighmasters at the Union Stockyards. Their testimony was similar in most respects. In general, they stated that they had been requested by the defendant to add weight on drafts of hogs which they were weighing for the defendant at the stockyards and that the defendant promised to pay them for the added weight. They stated that they gave the added weight by manipulating the printing device on the weighbeam of the scale in such a way as to cause it to print an amount on the scale ticket which was in excess of the true weight of the draft of hogs being weighed. They stated, moreover, that the defendant paid them in cash at the end of each week for the added weights they had given him during the week. The weighmasters

identified the scale tickets referred to in the indictment, but were unable to state definitely whether they had falsified the weights shown on those particular tickets. They stated that there were some occasions when they did not misweigh defendant's hogs. They only gave false weights when defendant asked them to, and they did not give false weights when someone was in the scale house who might observe their manipulations of the weighbeam.

In corroboration and support of the testimony of the two weighmasters, the Government offered evidence to prove that an automatic recording scale had been mounted secretly under the scale platform where the weighing of defendant's hogs took place. This device made a continuous tape record of the weights of all drafts of animals passing over the scale platform, and was so constructed as to give true weight registrations, regardless of any manipulations of the hand operated weighbeam. At the end of each week, the printed tape was removed from the automatic weight recorder and the weight impressions thereon were compared with the weights recorded by the weighmasters on the scale tickets which they had issued during the week.

A comparison of the automatically recorded tape record weights and the manually obtained scale ticket weights showed the two to be in close agreement except for the questioned transactions. In these instances, the scale tickets showed weights ranging as high as 490 pounds greater than the weights shown on the printed tapes taken from the automatic weight recorder. A scale expert testifying on behalf of the Government stated that such large variations between the scale ticket weights and tape record weights could be caused only by the wilful and deliberate action on the part of the weighmaster, and were beyond any possibility of chance error.

The principal question before the Court is whether the two types of evidence offered by the Government when taken together are sufficient to prove the allegations in the indictment beyond a reasonable doubt. The weighmasters testified regarding a practice of giving false weights to the defendant in exchange for monetary bribes, but were unable to state definitely that they had falsified the particular scale tickets mentioned in the various counts of the indictment. The evidence relating to the automatic weight recording device indicated that in the transactions mentioned in the indictment the weight stamped by the weighmaster on the scale ticket was greater by a specific number of pounds than the weight obtained by the automatic weight recorder for the same draft of hogs. Taken together these two types of evidence form an integrated picture of the violations charged and prove the Government's case beyond a reasonable doubt.

Wherefore, the defendant is found guilty as charged in Counts 3 through 19 of the indictment.